CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 0 8 2006

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PUNALERO DANCINGBUCK, ) | |
| a.k.a. STUART DUKE, et. al., ) | |
|    Plaintiffs, ) | Civil Action No. 7:06-cv-00508 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| KIM COLEMAN, et. al., ) | By: Hon. James C. Turk |
|    Defendants. ) | Senior United States District Judge |

Plaintiff Punalero Dancingbuck, a Virginia inmate proceeding pro se, brings this action on behalf of himself and several other named plaintiffs, claiming denial of due process and access to legal materials, and seeking preliminary injunctive relief. Dancingbuck does not state the specific legal authority for his lawsuit. Because he alleges violations of his constitutional rights, the court construed and filed the complaint as a civil rights action under 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Dancingbuck alleges that the four defendants are withholding evidence and legal materials that would prove him innocent of the crime for which he stands convicted. He also claims that two of the defendants have abused and swindled his 90-year-old mother, Dorothy Duke, and have taken property belonging to him and his mother. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

I.

Dancingbuck alleges the following events in his rambling complaint. At some point after

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

Dancingbuck was convicted in state court of murder, his elderly mother, Dorothy Duke, paid a large sum of money to have transcripts of trial proceedings prepared. ATF Agent Johnny Rosner (who is not a defendant) released some ATF files that Dancingbuck believes will clear him of the murder. The inmate has been corresponding with some non-profit organizations who purport to help inmates prove their innocence. One of these organizations agreed to help Dancingbuck, and two representatives of the organization, Jack and Mikkaela Payden-Travers, obtained the transcript of his criminal trial from his mother. Now, they apparently refuse to provide a free copy of the materials to Dancingbuck and/or others working with him; they want $15.00 in copying costs from anyone who wants a copy.

Other legal materials from the case, along with the ATF files, were (and perhaps still are) at the home of Dorothy Duke. Kim and Brenda Coleman were Mrs. Duke's hired care givers until recently. When Dancingbuck wrote to them, asking that they send him the legal materials and ATF files, they failed to respond. Dancingbuck then asked for help from his friend, Laughingdoe, a former law student at the University of Michigan Law School. In the summer of 2005, at Dancingbuck's request, Laughingdoe drove from Michigan to South Hill and went to Dorothy Duke's house to get the records. The Colemans would not give her the requested records, and she also found that the Colemans had been abusing Dorothy Duke. When the sisters threatened to call the police, Laughingdoe took Mrs. Duke from the home and drove her back to Michigan. Thereafter, the Colemans allegedly began selling off property belonging to Mrs. Duke and Dancingbuck, took over their vehicles and bank accounts, and refused all requests for the legal materials. The Colemans are now allegedly in possession of 50 firearms that are not registered to them, as these firearms belong to Dancingbuck. The sisters also allegedly burned down a $500,000 structure on

Dancingbuck's property on Easter Sunday in 2005.

In his complaint, Dancingbuck seeks an injunction directing the defendants (the Colemans and the Payden-Travers couple) to provide him with his legal materials, the ATF files, and the transcripts. If defendants won't turn over the files, he wants the court to hold them in contempt until the materials are accounted for or replaced. He also wants to have the Colemans charged with elder abuse and violations of unidentified ATF statutes. Finally, he seeks compensatory and punitive damages. He names his mother, Laughingdoe, and several other individuals and organizations as plaintiffs, although he is the only person who signed the complaint.

II.

As an initial matter, plaintiff may not litigate on behalf of his mother or the other individuals he has named as plaintiffs. See Inmates v. Owens, 561 F.2d 260 (4th Cir. 1977)(to state civil rights claim, plaintiff must allege facts demonstrating that he himself has sustained, or will sustained, deprivation of right, privilege or immunity secured by the constitution or federal law). Dancingbuck is not an attorney. Therefore, he may not represent the interests of others in this legal matter. While two or more individuals may join in a lawsuit as joint plaintiffs, none of the plaintiffs listed on Dancingbuck's complaint actively joined in this lawsuit by signing the complaint under penalty of perjury. Accordingly, the other plaintiffs are not party to the action and all claims as to them will be dismissed without prejudice.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The Supreme Court has articulated a two-part test for determining whether conduct

may be "fairly attributable to the State" so as to be considered "acting under color of State law." Lugar v. Edmonson Oil Co., 457 U.S. 922 (1982). First, "[t]he deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Id. Second, "the party charged . . . must be a person who may fairly be said to be a state actor." Id. A person acting under color of state law may be an employee of the state or one acting under the direction of or with the aid of state officials. Id.

The defendants in this case are private individuals. The complaint's allegations do not offer any indication that the Payden-Travers couple or the Colemans are employed by a state agency or were acting on concert with or at the direction of any state official when they undertook the conduct for which Dancingbuck is suing them. Accordingly, the court cannot find that the actions of which he complains were committed under color of state law. As such, the court concludes that defendants are not subject to suit under § 1983 for their alleged misconduct against Dancingbuck or his mother. Therefore, all § 1983 claims alleging constitutional or statutory violations by these individuals will be dismissed without prejudice for failure to state a claim, pursuant to §1915A(b)(1).

Dancingbuck also fails to specify any federal law that defendants have violated under which he has any standing to bring a separate, private cause of action under the court's federal question jurisdiction, 28 U.S.C. § 1331. Private citizens cannot bring a direct criminal action against another person or petition federal courts to compel the criminal prosecution of another person. Maine v. Taylor, 477 U.S. 131, 137 (1986); Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981); Lida R. S. v. Richard D., 410 U.S. 614, 619 (1973).

As Dancingbuck fails to allege facts stating any federal claim actionable in this court, the court also declines to exercise supplemental jurisdiction over any claims he may have against the

defendants under state law. See 28 U.S.C. § 1367(c). All such claims will be dismissed without prejudice. Furthermore, because Dancingbuck has no underlying constitutional or federal claim going forward, he cannot demonstrate likelihood of success on the merits of his claims so as to warrant the preliminary injunctive relief he requests under Fed. R. Civ. P. 65(a). See Wetzel v. Edwards, 635 F.2d 283 (4th Cir. 1980); Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977). An appropriate order shall be issued this day, dismissing the civil action and denying plaintiff's request for preliminary injunctive relief.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 7th day of September, 2006.

/s/ James C. Turk
Senior United States District Judge